I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:    DATE:    DEPUTY CLERK:

Petitioner   09/06/2018   N.Boehme

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TERNA RAMONE HATTEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CARR,<br><br>Respondent. | No. CV 18-06573-FMO (DFM)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On July 31, 2018, Terna Ramone Hatten ("Petitioner"), a federal prisoner incarcerated at FCI-Victorville, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. Dkt. 1 ("Petition").[1] Petitioner alleges that in February 2014, he was placed in the special housing unit ("SHU") for violating "Rules '113.'" Id. at 1. On February 28, 2018, a discipline hearing officer sanctioned Petitioner "to 41 days loss of good time, 30 days of disciplinary segregation and 6 months loss of commissary." Id. Petitioner alleges that he is still being detained in SHU without reason, and that his placement in SHU has exacerbated his liver

---

[1] All page citations are to the electronic CM/ECF pagination.

sclerosis and hepatitis. Id. at 2. When he asks why he is still being detained in SHU, he is told that his transfer is pending.

The Petition suffers from the following deficiencies:

First, the Petition has not been submitted on the correct form for a 28 U.S.C. § 2241 petition. Below, the Court directs the Clerk to send Petitioner a copy of the proper form habeas corpus petition for a person in federal custody.

Second, to the extent Petitioner challenges the conditions of his confinement in SHU, such claims should be brought in a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Wright v. Shartle, 699 F. App'x 733, 733 (9th Cir. 2017) (finding that claims that BOP officials unconstitutionally seized mail and imposed sanctions of loss of phone, visitation, and email correspondence privileges are not cognizable under § 2241).

Third, to the extent Petitioner complains that his due process rights were violated at a prison disciplinary hearing, Petitioner does not give any details of why he believes that his due process rights were violated. A federal prisoner may bring a habeas corpus petition under § 2241 to complain that his due process rights were violated at a prison disciplinary hearing, and, in particular, that his rights were violated by the deprivation of good time credits. See Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) ("Habeas corpus jurisdiction is available under 28 U.S.C. sec. 2241 for a prisoner's claims that he has been denied good time credits without due process of law"), overruled with respect to state prisoners by Nettles v. Grounds, 830 F.3d 922, 932 (9th Cir. 2016) (en banc); see also Crosby v. Shinn, 695 F. App'x 275 (9th Cir. 2017) (holding that district court had subject matter jurisdiction over § 2241 petition challenging loss of good conduct time). Prisoners also have a liberty interest in not being subjected to disciplinary segregation without due process of law. See Bostic, 884 F.2d at 1269. Petitioner does not state whether he was subject to any

further disciplinary proceedings after February 2018, although he implies that there were none. Petitioner should state in his amended petition whether he is still, at the time of filing of the amended petition, in the SHU.

For the foregoing reasons, the Petition is DISMISSED with leave to amend.

If Petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty-five (35) days of the service of this Order. The Clerk is directed to send Petitioner a blank copy of the Court's federal habeas corpus packet for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely.

Alternatively, Petitioner may elect to dismiss this action. A Notice of Dismissal under Federal Rule of Civil Procedure 41(a) is attached to facilitate such a dismissal. Such a dismissal would be without prejudice, that is, it would allow Petitioner to re-allege those claims in a future petition so long as such a future petition was timely under AEDPA's one-year limitation period. If Petitioner elects to dismiss, he should sign and return this notice of dismissal to the Court.

**Petitioner is cautioned that his failure to timely file a First Amended Petition or Notice of Dismissal in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.**

Dated: September 6, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge